IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDERICK CAGE, | |
| Plaintiff, | **4:17CV3115** |
| vs. | |
| BRAD JOHNSON, Director; and LANCASTER CO. DEPT. OF CORRECTIONS, Mail Department; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed a Complaint on August 30, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently confined at the Lancaster County Department of Corrections ("LCDC"), awaiting sentencing. (Filing No. 1 at CM/ECF pp.2, 4.) He names the Director, Brad Johnson, and the Lancaster County Department of Corrections Mailroom as Defendants in this action. Plaintiff sues both Defendants in their official capacities. (Id. at CM/ECF p.2.)

Plaintiff alleges that on July 7, 2017, the Mailroom opened his privileged, legal mail, which Plaintiff had sent to a judge, wrote on the mail, and returned the mail to Plaintiff without an envelope in the regular prison mail. Plaintiff alleges his legal mail never made it to the judge. Plaintiff alleges the privileged mail "needs to be opened, signed, in front of person addressed to [and] Director Brad Johnson failed to comply with violation." (Id. at CM/ECF p.4.) Plaintiff seeks

$5000.00 in damages for the violations of his rights to his legal mail.  (*Id.* at CM/ECF p.5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's Complaint alleges violations of his First, Sixth, and Fourteenth Amendment rights based on his legal mail being opened and never delivered to the judge for whom it was intended. As explained below, Plaintiff has failed to state a plausible claim for relief against either of the named Defendants.

While prisoners retain their First Amendment rights to send and receive mail, "prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail." *Thongvanh v. Thalacker*, 17 F.3d 256, 258-59 (8th Cir. 1994). Indeed, "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (quotation and citation omitted); *see also Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) (holding that mail from a court constitutes "legal mail" and cannot be opened outside the presence of a prisoner who has specifically requested otherwise); *Kamau v. Buss*, No. 3:07-CV-372, 2007 WL 2363874, at *2 (N.D. Ind. Aug. 15, 2007) ("The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel.").

It is also well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an

access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner*, 109 F.3d at 431 (internal quotation marks omitted).

Here, Plaintiff has sued the LCDC Mailroom and Brad Johnson, the Director of LCDC, in their official capacities. While Plaintiff's allegations that the Mailroom opened his legal mail and failed to deliver it to the courts may suggest plausible claims of interference with the mail and denial of access to the courts, Plaintiff has failed to name a specific employee responsible for the alleged conduct and the LCDC Mailroom is not a "person" subject to suit under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Shover v. York Cty. Prison*, No. 3:11-CV-2248, 2012 WL 720858, at *8 (M.D. Pa. Mar. 1, 2012) (dismissing inmate's claim regarding opening of his legal mail against county prison mailroom because inmate failed to name a specific employee responsible for such actions); *Santos v. New Jersey*, No. CIV.A.09-1804(MLC), 2009 WL 2778320, at *6 (D.N.J. Aug. 31, 2009), *aff'd*, 393 F. App'x 893 (3d Cir. 2010) (dismissing inmate's claim that county jail improperly delayed outgoing legal mail because "jail facilities are not 'persons' for purposes of § 1983 liability").

Additionally, Plaintiff's claim against Brad Johnson, the Director of LCDC, is a claim against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v.*

*Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

While "[a] prison policy that obstructs privileged inmate mail can violate inmates' right of access to the courts," *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998), Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct with respect to prisoners' legal mail. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. Rather, Plaintiff's allegations concern what appears to be an isolated incident. Thus, Plaintiff has not alleged that Lancaster County has a policy or custom of deliberately interfering with prisoners' legal mail and right of access to the courts.

Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that states plausible claims for relief with respect to Plaintiff's legal mail and access to the courts claims. In amending his Complaint, Plaintiff must name the specific individuals responsible and sufficiently allege how their conduct amounted to a constitutional violation, including how Plaintiff was injured by such conduct.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall file an amended complaint by **January 23, 2018**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.      The clerk of the court is directed to set a pro se case management deadline using the following text: **January 23, 2018**: check for amended complaint.

Dated this 22nd day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge